IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAMILLE FRANCIS-HOWARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | C.A. No. 1:20-cv-657 |
| § | |
| RICHARD SPENCER, SECRETARY, § | |
| DEPARTMENT OF THE ARMY, § | |
| § | |
| Defendant. § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable United States District Judge:

COMES NOW Camille Francis-Howard ("Howard" or "Plaintiff"), and files her Original Complaint, complaining of Richard Spencer, Secretary, Department of the Army (the "Army" or "Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Sections 501 and 505 of the Rehabilitation Act of 1973 ("Rehabilitation Act"). Howard demands a jury for any and all issues triable to a jury. This action seeks declaratory, injunctive and equitable relief; compensatory, liquidated and actual damages; and costs and attorneys' fees for the adverse actions suffered by Howard due to Defendant taking such adverse employment actions against her in violation of Title VII and the Rehabilitation Act.

## PARTIES

1. The plaintiff, Camille Francis-Howard, is an African American female who is an adult resident of Fort Hood, Bell County, Texas.

2. The defendant, Richard Spencer, Secretary, Department of the Army, is a government. Defendant Army can be served by serving the United States Attorney's Office in the Western District of Texas at 800 Franklin Avenue, Suite 280, Waco, Texas 76701.

1

3. Plaintiff at all times herein relevant was an employee, de facto employee, or applicant for employment with Defendant.

4. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter-egos" of the parties named herein.

## JURISDICTION & VENUE

5. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and Sections 501 and 505 of the Rehabilitation Act of 1973.

6. Venue of this action is proper in this Court because a substantial part of the unlawful employment practices described herein were committed in the Western District of Texas, and, on information and belief, all records relevant to the causes of action alleged in this complaint are kept in the Western District of Texas. Venue is invoked pursuant to 28 U.S.C. § 1391.

## PROCEDURAL REQUIREMENTS

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## PROCEDURAL REQUIREMENTS

8. Pursuant to 29 C.F.R. §§ 1614.105 and 1614.204, Howard made initial contact with an EEO Counselor on August 6, 2016 reporting allegations of discrimination on the basis of race (African American), sex (female), and disability (mental). This matter could not be

resolved informally, and pursuant to 29 C.F.R. § 1614.204(c), Howard filed a formal complaint on August 29, 2016.  In her formal complaint of discrimination, Howard alleged that she was discriminated against because of her race, gender, and disability, and in retaliation for requesting a reasonable accommodation.  Howard claims in her formal complaint of discrimination were accepted for investigation on August 30, 2016.  A Report of Investigation ("ROI") was issued by on or about February 2, 2017 following an investigation that was held from October 25, 2016 through December 20, 2016.  Howard did not seek a final agency decision regarding her complaint; instead, she requested a formal hearing before an Equal Employment Opportunity Commission ("EEOC") administrative judge on February 13, 2017.  The administrative judge issued a decision without a hearing.  As of the filing of this original complaint, 180 days have passed and the agency has failed to issue a final agency decision.  Consequently, Howard files this instant lawsuit pursuant to 29 C.F.R. § 1614.107.  Therefore, Howard has satisfied all procedural requirements and exhausted all administrative remedies necessary to bring this action.

## FACTUAL BACKGROUND

9. Howard is an African American female individual who, during the relevant time, held the position of a Budget Analyst (GS-11) with the U.S. Army Operational Test Command at Fort Hood, Texas.  Howard was considered a permanent operational test command G8 employee. When Howard initially started in this role, Howard's first-line supervisor was Lynn Scott, Lead Budget Analyst, and her second-line supervisor was Tracylynn Howard, Supervisory Financial Management Analyst.  In August 2012, Archie Davis, Supervisory Financial Management Officer, became Howard's second-line supervisor.

10. In the role of a Budget Analyst, Howard was tasked with monitoring the use and rate of expenditure of budgeted funds through continuing dialogue with officials and their staffs,

3

review of written documents, and examination of accounting records. Howard was also responsible for applying and performing all aspects of budget and financial management practices, procedures, regulations and precedents, policies, guides and functions issued and executed by the Department of Defense and the Department of the Army which includes accounting, funds control, internal controls, payroll, cost analyst, travel and fiscal and policy guidelines and procedures.

11. Since 1993, Howard was diagnosed with chronic prostrating intractable migraines. Despite being on treatment, Howard continues to approximately ten (10) to fifteen (15) headaches per month. Howard's acute headaches are severe in intensity causes multiple emergency room visits. Howard experiences nausea, vomiting, abdominal pain, dizziness, and light and noise sensitivity with her headaches. Board certified neurologist have discovered that light, noises, strong orders, stress and changing barometric pressure are triggers of Howard's acute headaches. Howard's headaches cause difficulty in concentrating and memory problems that affect her ability to engage in her daily routine and work responsibilities.

12. In 2013, Ms. Scott gave Howard approval of Howard's reasonable accommodation request to keep Howard's door closed. For two years, Howard was able to work effectively with this reasonable accommodation with no issues until December 2015. In December 2015, Mr. Davis raised the issue of Howard's door being closed during a performance evaluation meeting. During this meeting, Howard informed Mr. Davis that she had received a reasonable accommodation that allows her to keep her door closed to minimize the probability of triggering a migraine. Despite being informed of Howard's reasonable accommodation, Mr. Davis instructed Howard she could no longer keep her door closed because Howard's doctor

note allegedly did not have her name on it. This simply was not the case and Mr. Davis failed to engage any interactive process to

13. In February 2016, Howard raised an internal complaint through "the open door policy" to Robert Miele concerning Mr. Davis's retaliation and denial of a reasonable accommodation that had been in place for more than two years. Shortly after Howard's complaint to Mr. Miele, Howard discovered that her personnel file was being papered with Memorandum For Records – negative performance appraisals that restrict advancement and promotion – that were never presented to her or allowed her to provide a rebuttal in accordance with a collective bargaining agreement.

14. In May 2016, Howard applied for another reasonable workplace accommodation requesting the ability to telework. Specifically, Howard requested to telework with her regular day off as a reasonable accommodation in accordance with the Agency's policy concerning telework. Telework is an often-used benefit allowed to other employees who reported to Mr. Davis. Specifically, Mr. Davis allowed non-African American employees to telework such as: Vicki Beauchamp, Budget Analyst; Berna Johnson, Budget Officer; Anita Clark, Financial Management Analyst; Ysa Garza, Senior Cost Analyst; Cheryl Seymour, Financial Management Analyst; and Irene Sauceda, Budget Analyst. However, Mr. Davis denied Howard the reasonable accommodation to telework and further instructed Howard if she would like to telework it would come with a demotion to a lower-graded position than the position she was currently in.

15. Shortly following Howard's applying for reasonable accommodations to performance her work duties and responsibilities, she applied for an internal position on May 20, 2016. Specifically, Howard applied for the Financial Management Analyst (GS-12)

announcement vacancy (Job Announcement Number WTEF163786001710207).  This position was not a public announcement but was limited to only current permanent Operational Test Command G8 employees located at Fort Hood, Texas.  Howard ultimately was non-selected for the position.  Instead, Mr. Davis selected Cheryl Seymour, a Caucasian individual.  This selection was atypical because of Ms. Seymour's junior status in comparison to Howard in addition to Ms. Seymour's limited fund management experience when Howard had more fund experience servicing more clients than Ms. Seymour.

## CAUSES OF ACTION

16. <u>Title VII Race Discrimination</u> – Based on the above facts, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, when is subjected Howard to disparate treatment because of her race, African American.

17. <u>Rehabilitation Act Disability Discrimination</u> – Based on the above facts, Defendant violated the Rehabilitation Act of 1973 when it subjected Howard to employment discrimination because of her disability and the Agency's failure to provide reasonable accommodations.

18. <u>Rehabilitation Act Disability Retaliation</u> – Based on the above facts, Defendant violated the Rehabilitation Act of 1973 when it retaliation against Howard for engaging in a protected activity, requesting a reasonable accommodation.

## DAMAGES

19. As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

  a. Loss of wages and benefits, including front pay and back pay,

  b. Humiliation and embarrassment among coworkers and others,

    c.       Mental anguish and emotional distress,

    d.       Sustained damage to Plaintiff's credibility, and

    e.       Sustained damages to Plaintiff's prospects of future employment.

## ATTORNEYS FEES

20.    Defendant's action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the LAW OFFICE OF CHUKWUDI EGBUONU, 4141 Southwest Freeway, Suite 390, Houston, Texas 77027 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## PRAYER

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

    a.       Declare Defendant's conduct in violation of Plaintiff's rights;

    b.       Enjoin the Defendant from engaging in such conduct;

    c.       Award Plaintiff actual damages;

    d.       Order Defendant to pay Plaintiff back pay and front pay and benefits;

    e.       Award Plaintiff compensatory damages for mental anguish;

    f.       Award Plaintiff punitive damages to be determined by the trier of fact;

    g.       Award Plaintiff liquidated damages.

Respectfully submitted,

*/s/ Chukwudi Egbuonu\**
Chukwudi Egbuonu
State Bar No. 24081838
Federal I.D. No. 2365112
LAW OFFICE OF CHUKWUDI EGBUONU
4141 Southwest Freeway, Suite 390
Houston, Texas 77027
Phone: (713) 635-9488
Fax:    (832) 426-5792
chuck@celawoffice.com

\* Attorney in charge for Camille Francis-Howard