**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **CAMILLE FRANCIS-HOWARD,** | § | |
| *Plaintiff,* | § | |
| | § | **W-20-CV-00657-ADA-DTG** |
| *v.* | § | |
| | § | |
| **RICHARD SPENCER, SECRETARY,** | § | |
| **DEPARTMENT OF THE ARMY;** | § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO DISMISS [ECF NO. 9] AND
MOTION FOR SUMMARY JUDGMENT [ECF NO. 16]**

**TO:   THE HONORABLE ALAN D ALBRIGHT
         UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 49b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Richard Spencer's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) filed on December 7, 2020 (ECF No. 9) (the "Motion to Dismiss") and Motion for Summary Judgment filed on September 2, 2021 (ECF No. 16) (the "Summary Judgment Motion").

After careful consideration of the Motion to Dismiss, the Parties' briefs, and the applicable law, the undersigned recommends the Motion to Dismiss be **DENIED**.

After careful consideration of the Summary Judgment Motion, the Parties' briefs and evidence, and the applicable law, the undersigned recommends the Summary Judgment Motion be **DENIED** as to Plaintiff's failure to accommodate claim and be **GRANTED** as to all of Plaintiff's

other claims.

## I.    DEFENDANT'S MOTION TO DISMISS

## A.    BACKGROUND

Plaintiff Camille Francis-Howard ("Plaintiff" or "Howard") filed this lawsuit accusing Defendant Richard Spencer, Secretary, Department of the United States Army ("Defendant" or "Army") of violations of Title VII of the Civil Rights Act of 1964 and Sections 501 and 505 of the Rehabilitation Act of 1973. ECF No. 6 at 1. Defendant filed the Motion to Dismiss, alleging that this Court lacks jurisdiction. ECF No. 9 at 1. Plaintiff filed an opposition to the Motion to Dismiss on December 21, 2020 (ECF No. 12); a reply was filed on March 4, 2021 (ECF No. 14); and the Court heard oral argument on June 27, 2022. Each party then submitted a supplemental memorandum after the hearing. *See* ECF Nos. 26 & 27.

The Motion to Dismiss arrived at this Court without a final Army decision and without a decision on the merits by the Equal Employment Opportunity Commission ("EEOC"). On August 29, 2016, Plaintiff filed a formal complaint for discrimination based on race, sex, and disability (mental) regarding her non-selection for promotion with the Department of the United States Army. ECF No. 6 ¶ 8. The Army issued a Report of Investigation ("ROI") on February 2, 2017. *Id*. The Army alleges that it advised Plaintiff of her two options—seek a final Army decision or seek a hearing before an EEOC administrative law judge—and provided Plaintiff a form she could use to request a final agency decision. ECF No. 9 at 1-2;ECF No. 9-1. Plaintiff alleges that she did not seek a final agency decision but instead requested a formal hearing before an EEOC administrative law judge on February 13, 2017. ECF No. 6 ¶ 8. Plaintiff contends that the EEOC administrative law judge issued a decision without a hearing. *Id*.

The Army counters that when it filed a motion for summary judgment before the EEOC, Plaintiff failed to respond and indicated she would seek a final agency decision. ECF No. 9 at 2;ECF No. 9-4. Shortly after, the EEOC administrative law judge dismissed the case on April 10, 2019, indicating that Plaintiff requested a Final Agency Decision. ECF No. 9 at 2 & 9-2 at 2.

Finally on November 2, 2020, Plaintiff filed the present suit and alleged that she complied with all procedural requirements. ECF No. 1 at 2–3.

The Motion to Dismiss is Defendant's second motion to dismiss. Defendant filed a first motion to dismiss on October 19, 2020. ECF No. 5. In response, Plaintiff filed her First Amended Complaint on November 2, 2020. ECF No. 6. The First Amended Complaint mooted Defendant's first motion to dismiss, and on December 7, 2020, Defendant filed the present Motion to Dismiss. ECF No. 9.

In the Motion to Dismiss, Defendant asserts several grounds it alleges justify dismissing Plaintiff's Amended Complaint. First, Defendant contends all of Plaintiff's claims are time barred. Second, Defendant contends that Plaintiff names the wrong defendant. Third and finally, Defendant contends that Plaintiff failed to perfect proper service of the Defendant. *Id.*

For the following reasons, the Court recommends that the Motion to Dismiss be **DENIED**.

## B.   LEGAL STANDARD

The law governing a motion to dismiss is well-settled. A court must dismiss a complaint if it lacks subject matter jurisdiction. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). The plaintiff has the burden to show subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). The district court can dismiss for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint

supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

As no objections have been lodged against any of the exhibits to Defendant's Motion, this Court will consider all of the exhibits as true, correct, and establishing undisputed facts of those facts cited in this Report and Recommendation.

The governing statute states who the proper defendant should be. When a plaintiff commences an action under Title VII of the Civil Rights Act of 1964, she must name as the defendant the current head of the executive agency that employs her. 42 U.S.C. § 2000e-16(c); 5 U.S.C. §§ 101, 105. If the plaintiff names the wrong defendant, the court may allow her to amend her complaint and add the proper party. Fed. R. Civ. P. 15(a)(2). Under Rule 15(c), such an amendment would relate back to the original filing date. Fed. R. Civ. P. 15(c). When an amendment relates back to the original pleading, the plaintiff is deemed to have timely filed against the correct defendant. *Id*.

Defendant's Motion to Dismiss implicates Federal Rule of Civil Procedure 4. Under Rule 4(m), if the defendant does not receive service within 90 days after the plaintiff files the complaint, then the court must dismiss the action without prejudice. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, however, then the court must extend the time for service. *Id*. Even if the plaintiff fails to show good cause, the court may use its discretion to extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

**C.    ANALYSIS**

      **1.    Whether Plaintiff Timely Tiled this Suit**

Defendant contends Plaintiff's suit was untimely. Defendant argues that the EEOC's order of dismissal constitutes a final agency decision under 29 C.F.R. § 1614.109(i) ("[i]f an agency does not issue a final order within 40 days of receipt of the administrative judge's decision in accordance with 1614.110, then the decision of the administrative judge shall become the final action of the agency.") Defendant contends that Plaintiff had ninety days from receipt of the final action to file her complaint in this Court. 29 C.F.R. 1614.402(a).

Plaintiff contends that her request was timely. Plaintiff contends that she withdrew her request for an EEOC hearing to obtain a final agency decision. ECF No. 12 at 3;ECF No. 12-1. Plaintiff notes that the order of dismissal did not contain a decision on the merits nor notice of Plaintiff's time limit for filing an appeal or a civil action. *Id*. at 5; *see also* ECF No. 9-2 at 2. Additionally, Plaintiff contends that the order for dismissal failed to inform her of the proper defendant to name in a civil action. ECF No. 12 at 5. Plaintiff contends that these deficiencies prevented the decision from qualifying as a final order or Final Agency Decision. *Id*. at 4–5. Plaintiff concludes that she has yet to receive a Final Agency Decision, that no one entered a final order within forty days of the administrative law judge's decision, and therefore Plaintiff was allowed to file this suit after 180 days had passed from the filing of the complaint with the agency. *Id*. at 5; *see also* 29 C.F.R. § 1614.407(b).

In this case, there was no final decision on the merits. The timing requirements of 29 C.F.R. § 1614.110(a) imply that an administrative law judge will have decided the case on its merits; otherwise, the agency would have nothing to "implement." *See Laudadio v. Johanns*, 677 F.Supp.2d 590, 604 (E.D.N.Y. 2010). A dismissal of a claim upon a complainant's request, however, is not a decision on the merits. *Id*. Instead, a complainant who "withdraws his request

for an EEOC hearing…'effectively requests an 'immediate final decision' requiring *the [a]gency* to issue a final decision *with findings on the merits of* each issue in the complaint.'" *See id.* (citing *Hunter v. Keisler*, No. 06-CV-5908 (RBK), 2007 WL 3171223 at *4 (D.N.J. Oct. 26, 2007)). Though the administrative law judge's decision may become the final action of the agency if the agency is inactive, it does not excuse the decision from complying with finality requirements. 29 C.F.R. § 1614.109(i); *Laudadio*, 677 F. Supp. 2d at 604. Allowing administrative law judge decisions to automatically initiate the applicable statute of limitations without providing the notices of 29 C.F.R. § 1614.110(a) frustrates the very purpose of the regulation. *Staropoli v. Donahoe*, 786 F. Supp. 2d 384, 390 (D.D.C. 2011). The plain language of the Civil Rights statute also confirms that plaintiffs are entitled to bring suit once 180 days have elapsed since their initial complaint. 42 U.S.C. § 2000e-16(c); *Munoz v. Aldridge*, 894 F.2d 1489, 1492 (5th Cir. 1990).

The Court finds that Plaintiff's Complaint was timely. Here, more than 180 days had passed since Plaintiff filed her initial complaint. *See* ECF No. 6 at 3. The Court finds that since the EEOC Oder of Dismissal failed to comply with the regulatory requirements. That failure prevented it from being a Final Agency Decision and prevented the running of the applicable deadlines. The Court further finds that more than 180days had elapsed between Plaintiff initiating her complaint with Defendant and filing the present suit. Thus, Plaintiff's suit was timely filed with this Court and this Court recommends that portion of Defendant's Motion to Dismiss should be **DENIED**.

**2.      Whether Plaintiff's Amended Complaint Should be Dismissed for Naming the Wrong Defendant.**

Next, Defendant's Motion to Dismiss asserts that the Amended Complaint should be dismissed for naming the wrong Defendant. Defendant contends that a discrimination suit under

Title VII of the Civil Rights Act of 1964—such as Plaintiff's Amended Complaint asserts—requires Plaintiff to name the current head of the Department of the Army as the defendant. ECF No. 9 at 3 (citing 42 U.S.C. § 2000e-16(c); 5 U.S.C. §§ 101, 105). As Plaintiff named Richard Spencer, the former Secretary of the Navy, and not Ryan McCarthy, the current Secretary of the Army, Defendant contends Plaintiff's Amended Complaint should be dismissed. Defendant further cites *Cummings v. U.S. Postal Serv.*, Case No. 09-C-502, 2009 WL 2383857, at *2 (E.D. Wis. July 31, 2009) as support for its argument.

Plaintiff makes no substantive argument in response, but rather seeks leave to amend her complaint. Plaintiff contends that any failure on her part to correctly identify the Secretary of the Army was caused by Defendant. Plaintiff contends that Defendant failed to comply with 29 C.F.R. section 1614.110(a). ECF No. 12 at 11; *see also* 29 C.F.R. § 1614.110(a) (requiring a final order to include "the name of the proper defendant.").

The Court concludes that Plaintiff's request to amend should be granted. Plaintiff's Original and Amended Complaint properly identified the Defendant as "Secretary, Department of the Army." ECF No. 1; ECF No. 6. The error complained of by Defendant is that the Secretary of the Army was misnamed as Richard Spencer rather than Ryan McCarthy. ECF No. 9 at 3. The applicable statute, however, only states that "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Plaintiff complied with this provision by identifying the Secretary, Department of the Army as the defendant, but misnamed the specific individual. This appears to be a misnomer—where the correct party is sued but is misnamed in the complaint. Such a misnomer is correctable by amendment. *See* Fed. R. Civ. P. 15(c) and Advisory Notes.

The *Cummings* case cited by Defendant aligns with this conclusion. In *Cummings*, the plaintiff named "United States Postal Service, c/o Tim Lewis, Postmaster, Green Bay, Wisconsin" as the defendant. *Cummings*, 20009 WL 2383857at *2. As the statute required the defendant to be the Postmaster General in his official capacity, the plaintiff had named the wrong defendant. *Id*. The *Cummings* court noted that the plaintiff could have sought leave to amend and name the proper defendant, but he did not. *Cummings*, 2009 WL 2383857 at *3. Unlike the plaintiff in *Cummings*, Plaintiff here has sought such leave to amend as part of responding to Defendant's Motion. ECF No. 12 at 12–13. Thus, the Court recommends that Defendant's Motion to Dismiss on this ground be **DENIED** and Plaintiff's request to file her Second Amended Complaint be **GRANTED**.

### 3.      Whether Plaintiff's Amended Complaint Should be Dismissed for Improper Service of Process.

Defendant contends that Plaintiff failed to properly serve Defendant, justifying dismissal of Plaintiff's case. Citing Federal Rule of Civil Procedure 4(i)(2), Defendant contends that Plaintiff is required to serve the United States Attorney and send copies of the summons and complaint by registered or certified mail to the officer and to the Attorney General. ECF No. 9 at 3–4 (*citing* Fed. R. Civ. P. 4(i)(2); 28 U.S.C. § 1391(e)(3)). Defendant contends that Plaintiff's failure to comply with these mandatory provisions requires dismissal of Plaintiff's case. *Id*.

Plaintiff argues that she properly served the Army. She contends that "she illustrated a good faith effort to serve the Department of the Army and the United States Attorney General even though the complaint misnamed the acting secretary." ECF No. 12 at 11 (citing ECF No. 12-4). Additionally, Plaintiff requested leave to amend her complaint to cure any alleged defects in service identified by the Defendant. *Id*. at 13 (citing ECF No. 12-5). Finally, Plaintiff contends that

she has complied with all the service requirements by mailing a copy of the summons by United States Postal Service certified mail to the Department of the Army and to the Attorney General as evidenced by ECF No. 25. ECF No. 26 at 1.

The Court finds that Plaintiff has properly effected service. Plaintiff's Amended Complaint clearly indicates that her suit is against the Department of the Army. ECF No. 6 (naming the Department of the Army as the defendant and describing the defendant "as a government."); *see also* ECF No. 26 at 1 (describing the elements a plaintiff must satisfy when suing a United States agency). Under Federal Rule of Civil Procedure 4(i)(2) for a lawsuit against a United States agency, the plaintiff must serve the United States and send a copy of the summons and complaint by registered mail to the agency. *See* Fed. R. Civ. P. 4(i)(2) ("a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency"). Plaintiff has provided evidence of having satisfied these requirements. *See* ECF No. 26 at 1 & ECF No. 25 While there has been an exceptional delay in providing proof of such service— suit was filed in March of 2020 and the return of summons evidence was filed in July 2022—the Court recommends exercising its discretion and permitting such dilatory service to stand. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (noting that a court has discretion to extend the time for service even in the absence of good cause). Therefore, it is the recommendation of this Court that Defendant's Motion to Dismiss based on improper service be **DENIED**.

## II.     DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Next, we turn to Defendant's Motion for Summary Judgment. ECF No. 16.Defendant asserts three reasons it is entitled it to summary judgment. First, Defendant contends there is no evidence to demonstrate or support a finding that much of the complained of conduct—Door

Incidents, Telework Modifications, and Workspace Relocation—amounted to an adverse employment action. ECF No. 16 at 5. Second, Defendant contends that Plaintiff has allegedly failed to present any evidence to raise a fact question about whether Defendant's legitimate, nondiscriminatory reason for the complained of non-selection was merely a pretext for racial discrimination. *Id*. at 5–7. Third, Defendant contends that there is no evidence to support Plaintiff's failure to accommodate claim because the evidence fails to demonstrate Plaintiff suffered a disability and that Defendant failed to offer Plaintiff a reasonable accommodation, even though it was not Plaintiff's preferred accommodation. *Id*. at 8–11. Finally, Defendant contends that for similar reasons Plaintiff cannot raise a fact question about Defendant's legitimate, nondiscriminatory reason for the complained of non-selection was merely a pretext for unlawful retaliation. *Id*. at 12–13.

The Court will address each in turn and for the reasons stated below, the Court recommends that Defendant's Motion for Summary Judgment be **GRANTED** as to all of Plaintiff's claims, except her failure to accommodate claim, for which the Court recommends Defendant's Motion for Summary Judgment be **DENIED**.

A.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden applies initially to the Defendant, and if Defendant carries this burden, it shifts to Plaintiff, who must provide specific evidence to show the existence of a genuine issue for trial. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). In evaluating Defendant's Summary Judgment Motion,

the Court will indulge all reasonable inferences in the light most favorable to Plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986).

**B.   DISCUSSION**

**1.      Whether There are Triable Issues of Fact as to Howard's Race Discrimination Claim.**

Plaintiff's race discrimination claim is evaluated under the 3-part framework defined in *McDonnell Douglas*. That framework requires that "(1) the plaintiff must first establish a prima facie case of discrimination; (2) the burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for the employment action; and if that burden is satisfied, (3) the plaintiff must offer evidence that the proffered reason is a pretext for racial discrimination." *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 482 (5th Cir. 2009).

To satisfy the first element—a prima facie case of race discrimination—Plaintiff must present evidence of several factors. Plaintiff must show that she "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (citing *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir.2001)).

There appears to be no dispute about the first two elements. The parties appear to agree—or at least for the purposes of summary judgment, they do not dispute—that Plaintiff was a member of a protected class. There also appears to be no dispute that she was qualified for her position.

The first dispute, however, is whether Plaintiff was subject to adverse employment actions.

Plaintiff's Complaint alleges several specific actions that she describes as adverse. ECF No. 6 at 3–5. These include a supervisor preventing her from closing her office door, prohibiting Plaintiff from sitting near an open door in meetings, partially denying Plaintiff's telework request, relocating Plaintiff from a private office to an open workspace, and passing over Plaintiff for a promotion. ECF No. 16 at 2.

Of this conduct, only the non-promotion qualifies as an adverse employment event under Fifth Circuit law. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *Pegram v. Honeywell, Inc*., 361 F.3d 272, 282 (5th Cir. 2004). Actions that do not affect job duties, compensation, or benefits are not adverse actions that would support a discrimination case. *Pegram*, 361 F.3d at 282. The door incidents, which include preventing Plaintiff from closing her office door or sitting near the door at meetings, the denial of the telework request, and the relocation of Plaintiff's office do not satisfy the standard required to be adverse employment actions. For that reason, the Court recommends that Defendant's Summary Judgment Motion on Plaintiff's race discrimination claim based on these events should be **GRANTED**.

As the Court finds that the non-promotion does qualify as an adverse employment event, Plaintiff is required to present a prima facie case of racial discrimination. A prima facie case of discrimination requires Plaintiff to prove that "(1) she was within a protected class; (2) she was qualified for the position sought; (3) she was not promoted; and (4) the position she sought was filled by someone outside the protected class." *Blow v. City of San Antonio, Tex.*, 236 F.3d 293, 296 (5th Cir. 2001); s*ee also, Bryan*, 375 F.3d at 360. Under the *McDonnell Douglas* framework, if Plaintiff can establish a prima facia case of discrimination the burden shifts to Defendant to provide a legitimate, nondiscriminatory reason for the non-promotion. If such a reason is

presented, Plaintiff is required to present evidence raising a fact question about the proffered

reason being a pretext for racial discrimination. *See Knatt*, 327 F. App'x at 482.

Evidence of pretext requires more than Plaintiff's mere denial of Defendant's legitimate,

nondiscriminatory reason. To raise a fact question concerning pretext, Plaintiff must present

"substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext

for discrimination." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citing *Reeves v.*

*Sanderson Plumbing Prods.,* 530 U.S. 133, 142(2000)). Substantial evidence exists "if it is of such

quality and weight that reasonable and fair-minded men in the exercise of impartial judgment

might reach different conclusions." *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 577 (5th

Cir. 2020)(citing *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 561 (5th Cir. 2019). For example,

evidence that the employer's non-discriminatory reason has changed over time can demonstrate

pretext. *See Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 415 (5th Cir. 2007).

Similarly, evidence of derogatory or discriminatory comments can raise a fact question about

pretext. *Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470, 476 (5th Cir. 2015).

Plaintiff's non-promotion based racial discrimination claim fails for two reasons. First,

Plaintiff fails to present sufficient evidence to survive summary judgment regarding whether she

was "similarly situated" to the chosen candidate. Second, Plaintiff fails to present sufficient

evidence to raise a fact question about whether Defendant's proffered reason was a pretext.

Plaintiff has failed to raise a fact question regarding whether she was similarly situated to

the chosen candidate. To be considered "similarly situated" to the other employee—the one chosen

for the position—Plaintiff must prove that her qualifications were nearly identical to the chosen

employee. *Lazarou v. Mississippi State Univ.*, 549 F. App'x 275, 281–282 (5th Cir. 2013);

*Atterberry v. City of Laurel*, 401 Fed. App'x 869, 871 (5th Cir. 2010). Plaintiff is unable to muster such evidence.

Defendant has presented substantial evidence that the person chosen for the promotion was much more qualified than Plaintiff. *See* ECF No. 16-1 at 124:11 (Davis was the decision-maker), 133:13-134:20 (describing the qualifications of the chosen candidate). The selecting officer testified that the chosen candidate had consistently exceeded standards, had been recognized for her attention to detail, had a bachelor's degree in accounting, was a certified financial manager— a certification beyond the required certification, had handled two separate directorate budgets, and had received "excellence" ratings in her performance evaluations for the preceding two years. *Id*. at 133:13-136:4. Alternatively, the selecting officer testified that Plaintiff had received "successful" evaluations during the same time period and "does not do much to excel." *Id*. 135:22-136:8. The selecting officer testified that out of three applicants, Plaintiff ranked third. *Id*. 135:12-13.

Plaintiff's evidence demonstrates that she was not similarly situated to the chosen candidate. Plaintiff presented evidence that she also held a financial manager certification and had handled more than two budgets. ECF No. 19 at 6; ECF No.20-1 ¶ 2. Plaintiff failed, however, to demonstrate that those budgets were equivalent to "directorate budgets" identified by the selecting officer, that she held the equivalent of a bachelor's degree in accounting, or that she had additional, not-required certifications. Plaintiff also failed to address her "successful" rather than "excellence" evaluation ratings. *See* ECF No. 19 at 6. Without such proof, Plaintiff cannot raise a fact question regarding whether she was similarly situated or nearly identical to the chosen candidate. Thus, Plaintiff has failed to raise a fact question about whether she was similarly situated to the chosen

14

candidate. *See Atterberry*, 401 F. App'x at 870 (noting that similarly situated requires proof suggesting that the two employees were nearly identical.).

The Court finds that Plaintiff failed to raise a fact question about whether she was similarly situated to the chosen employee. Thus, the Court recommends that Defendant's Summary Judgment Motion directed to Plaintiff's non-promotion based racial discrimination claim should be **GRANTED** for failure to prove she was similarly situated to the chosen candidate.

Additionally, Plaintiff has failed to present evidence sufficient to raise a fact question about whether Defendant's proffered non-discriminatory reason is a pretext. To raise a fact question regarding pretext, Plaintiff must offer substantial evidence showing Defendant's proffered, non-discriminatory reason is false. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citing *Reeves v. Sanderson Plumbing Prods.*, 120 S.Ct. 2097, 2106 (2000)). Substantial evidence exists if it is such that "reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 577 (5th Cir. 2020)(citing *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 561 (5th Cir. 2019). While Plaintiff claims "this case has mendacity in spades," the only actual evidence cited by Plaintiff is that Plaintiff had her financial manager certification at the time of non-promotion and that she had handled more than two separate budgets consisting of overseas budgets, reverse budgets, and Title 10 budgets. ECF No. 19 at 6; ECF No.20-1 ¶ 2. While it is unclear what Exhibit C (ECF No. 20-3) is, the Court presumes Plaintiff contends that Exhibit C (ECF No. 20-3) demonstrates that Plaintiff held the same financial manager certification as the chosen candidate. At this summary judgment stage, the Court will indulge that inference in Plaintiff's favor. Plaintiff's declaration (ECF No. 20-1) also confirms that Plaintiff had her financial manager certification by January 15, 2016 and had

managed and oversaw the referenced budgets. ECF No. 20-1 ¶ 2.

As Defendant points out, however, the non-selection was based on many additional factors—not just a certification and number of budgets managed. If those were the only reason stated by the selecting officer for his decision, Plaintiff might have raised a fact question, but the selecting officer testified that he selected the other candidate because that candidate—Seymour—had many additional qualifications Plaintiff did not. He testified that the chosen candidate had consistently exceeded standards, had been recognized for her attention to detail, had a bachelor's degree in accounting, was a certified financial manager, had handled two separate directorate budgets, and had received "excellence" ratings in her performance evaluation for the preceding two years. ECF No. 16-1 at 124:11, 133:13-136:4.

At best Plaintiff has presented evidence showing she met two of these qualifications—certified financial manager and handled two budgets. Plaintiff failed to present evidence that she met any of the other qualifications stated by the selecting officer. Contrary to Plaintiff's characterization in her brief, Plaintiff's evidence that she held only two of the many qualities identified for the selected candidate does not demonstrate Defendant's stated reasons are false. There is no evidence of Defendant claiming Plaintiff failed to hold the certification she claims or that she did not manage multiple budgets. Rather, the evidence demonstrates the chosen candidate held additional qualifications that Plaintiff did not. Defendant points to evidence that the certifications held by Plaintiff and the person selected are different and that the person selected had an additional financial management certification that Plaintiff did not have. ECF No. 21 at 5 (citing ECF No. 20-4 at 23:09-22, 25:06-13, 133:13-134:20). It was this non-mandatory certification that was identified by the selecting officer. ECF No. 16-1 at 5, 134:11-13 ("she is

certified as a financial manager. Even though it's not a requirement, it's highly encouraged.")
Similarly, the selecting officer noted that the person chosen for the position had managed "two
separate directorate's budgets." *Id*. at 134:06. Plaintiff did not present evidence that she had
managed multiple directorate's budgets. If these were the only criteria cited by Defendant, Plaintiff
might have raised a fact question, but as noted above, these were just two of many reasons given
for Plaintiff's non-selection.

Plaintiff has failed to demonstrate a fact question about Defendant's stated reasons being
false or in any other way impugning Defendant's non-discriminatory reason. Plaintiff has
presented no evidence of Defendant's reason changing, of derogatory comments by Defendant, or
any other evidence that would raise a fact question concerning the truth of Defendant's non-
discriminatory race neutral reason for not selecting Plaintiff.

Plaintiff's failure to raise a fact question regarding pretext is bolstered by Plaintiff's failure
to address the fact that the selecting officer shares Plaintiff's race. As noted by Defendant, the
selecting officer also identifies as Black. ECF No. 16-1 at 1, 115:15-16. Several courts have noted
that if the evidence that if Plaintiff and the person making the employment decision share the same
race, that evidence undercuts any inference of discrimination. *See Udoewa v. Plus4 Credit Union*,
754 F. Supp. 2d 850, 873 (S.D. Tex. 2010) (granting summary judgment on racial discrimination
claim); *see also Boice v. Se. Penn. Transp. Authority*, No. 05–4772, 2007 WL 2916188, at *10
(E.D. Pa. Oct. 5, 2007); *Rhodes v. Runyon*, No. Civ. A. 494CV125DD, 1995 WL 1945558, at *5
(N.D. Miss. Nov. 1, 1995). Had Plaintiff been able to raise any inference or fact question of
discrimination, these cases would undercut such an inference. As Plaintiff has failed to raise such
a fact question, these cases further enforce the lack of any fact question regarding discrimination.

The Court concludes that Plaintiff has failed to raise a fact question about pretext on her race discrimination claim, which creates an additional reason Defendant's Summary Judgment Motion on Plaintiff's racial discrimination claim should be **GRANTED**.

### 2.        Howard's Failure to Accommodate and Disability Discrimination Claims.

Under Plaintiff's failure to accommodate claim, Plaintiff must satisfy three elements. She must prove (1) that she is a qualified individual with a disability; (2) that her disability and its consequential limitations were known by her employer; and (3) that her employer failed to make reasonable accommodations for her limitations. *Feist v. La. Dep't of Justice, Office of the Att'y Gen.*, 740 F.3d 450, 452 (5th Cir. 2013). To meet these requirements, Plaintiff must prove that she had a disability under the statute. That requires proof that Plaintiff suffered from "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual," or that she was "regarded as having such an impairment," 42 U.S.C. §§ 12102(1)(A), 12102(1)(C); see also 29 U.S.C. § 705(9)(B). Notably, to be regarded as having such an impairment, Plaintiff must prove that "she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity," but this "shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. § 12102(3).

Defendant asserts two bases allegedly entitling it to summary judgment regarding the alleged failure to accommodate. First, Defendant contends that while Plaintiff has demonstrated her migraines can be "severe and extremely intrusive," she has not provided proof that they "substantially impair any of her major life activities." ECF No. 16 at 8 (citing *Hyder v. City of*

*Austin*, No. A-04-CA-690-LY, 2007 WL 9701632, at *4 (W.D. Tex. May 24, 2007). Second, the evidence shows that Defendant did provide an accommodation—it just was not Plaintiff's preferred accommodation. *Id*. at 9.

        **a.**      **Existence of a Disability Under the Statute.**

      To raise a fact question about her alleged disability, Plaintiff has to demonstrate that she satisfies the statute. She can either show that she suffered a disability "that substantially limits one or more major life activities" as defined by the statute. 42 U.S.C. § 12102(1)(A). Plaintiff can also raise a question about having a disability by showing that she was "regarded as having such an impairment," and was subjected to prohibited conduct because of that perception of the impairment. 42 U.S.C. §§ 12102(1)(C) & (3)(A).

      Plaintiff has presented sufficient evidence to demonstrate that she either had a disability or was regarded as having a disability.[1] Plaintiff has identified testimony that acknowledges Defendant was aware that Plaintiff had a doctor's note stating Plaintiff had migraines and needed to be able to control her environment. ECF No. 20-4 at 184 (184:04-15). Plaintiff has also provided evidence of two doctors notes describing her alleged disability. ECF No. 20-2 at 10-11. Plaintiff also presented evidence that she received a reasonable accommodation based on her alleged disability in July of 2016. *See* ECF No. 20-6. Additionally, Plaintiff presented evidence that in

---

[1] The Court notes that Plaintiff pointed to Exhibit D (ECF No. 20-4) but failed to provide pin-cites that would allow the Court to easily locate her evidence. *See* ECF No. 19 at 8 (citing "Ex. D"). Exhibit D is a 273-page document, and if Plaintiff is unwilling to direct the Court to specific cites in the exhibit, the Court will not undertake such a hunt. As, Plaintiff highlighted portions of Exhibit D, the Court will not hold her attorney's lack of pin-cites against her but will review the highlighted portions of Exhibit D.

August of 2016, she sought an additional accommodation based on the alleged disability, and Defendant denied the request in December of 2016. ECF No. 20-2 at 12. Plaintiff's evidence demonstrates that in August of 2016, Plaintiff's doctor described her condition as "chronic prostrating intractable migraine[s]." *Id*. at 11. It is this Court's belief that Plaintiff's evidence has raised a fact question concerning the existence of a "disability" as required by the statute. As such, the Court recommends that Defendant's Summary Judgment Motion based on Plaintiff lacking a qualified disability be **DENIED**.

### 3.    Plaintiff's Claim of Failure to Accommodate.

Having determined a fact question exists regarding Plaintiff's disability, the Court next addresses whether Plaintiff has raised a fact question concerning Defendant's alleged failure to accommodate her disability.

The evidence demonstrates the existence of a fact question concerning whether Defendant failed to provide a reasonable accommodation. The evidence demonstrates that Plaintiff made two requests for a reasonable accommodation—one on May 12, 2016, and one on August 11, 2016. ECF Nos. 20-6 & 20-2. The May 12, 2016, accommodation request resulted in Plaintiff receiving several reasonable accommodations—permitting her to close her office door on occasion, allowing her to sit near the door in meetings on occasion, and allowing her to work remotely two days a week. ECF No. 16-2 at 10-11 (188:03–12; 188:18–189:09); ECF No. 16-3. While Defendant points to these accommodations, all of these occurred on or before July 2016, and none were in response to the August 2016 request.

Defendant fails to address all of Plaintiff's evidence and specifically her later request for an accommodation. Defendant notes that it provided Plaintiff an accommodation. However, all of

the accommodations were provided on or before July 7, 2016. *See* ECF No. 16-2 at 10–11 (188:03–12; 188:18–189:09); ECF No. 16-3. In December of 2016, however, Defendant apparently determined that it could provide absolutely no accommodations to Plaintiff. *See* ECF No. 20-2 at 12 ("In light of these increasing obstacles to your ability to safely & accurately perform your duties, I cannot identify any reasonable accommodation."). Additionally, Defendant's witness testified that the earlier seating accommodation—i.e., permitting Plaintiff to sit near the door during meetings—was because Plaintiff often entered meetings after all the seats were taken and not because of a medical reason. *See* ECF No. 16-2 at 10 (188:03-12). Defendant made no attempt to address the December 2016 decision to deny Plaintiff any accommodation at all. As such, the present situation is distinguishable from the cases cited by Defendant where Plaintiff did not agree with the accommodation. *See Jennings v. Towers Watson*, 11 F.4th 335, 344 (5th Cir. 2021); *Jackson v. Brennan*, No. CV H-18-1281, 2019 WL 5964508, at *8 (S.D. Tex. Nov. 13, 2019); *Feist v. Louisiana*, No. CIV.A. 09-7060, 2014 WL 2979623, at *3 (E.D. La. July 1, 2014). Additionally, considering the complete denial of any accommodation on December 19, 2016, combined with Defendant's failure to address that evidence creates a reasonable inference that Defendant failed to provide Plaintiff with a reasonable accommodation or to engage in an interactive process to find such an accommodation.

The Court also finds that there is conflicting evidence—sufficient to survive summary judgment—as to whether the Defendant failed to provide a reasonable accommodation. While Defendant granted a modified accommodation in July 2016, in December of 2016, Defendant denied any requested modification. *Compare* ECF No. 16-3 *with* 20-2 at 3 (Box 18) & 12. Indulging all reasonable inferences in Plaintiff's favor and in light of the conflict between the July

2016 and December 2016 Requests for Reasonable Accommodation, the Court believes a material question of fact exists. Therefore, this Court recommends that Defendant's Summary Judgment Motion on Plaintiff's failure to accommodate claim be **DENIED**.

**4.      Disparate Treatment Disability Discrimination**

As the pleadings were unclear about whether Plaintiff is asserting a disparate treatment claim, Defendant moved for summary judgment on any such claim. Defendant's arguments in support of such a motion are duplicative of those raised in response to the failure to accommodate claim and the retaliation claim. *See* ECF No. 11-12. Nowhere in her response, however, does Plaintiff contest this portion of Defendant's Motion for Summary Judgment or assert a disparate treatment disability discrimination claim.

To the extent Plaintiff is asserting a claim for disparate treatment because of her disability, she has failed to raise a fact question concerning such a claim, and this Court recommends that Defendant's Summary Judgment Motion on that claim be **GRANTED**.

**5.      Plaintiff's Claim of Retaliation for a Protected Activity**

As noted above, Plaintiff has raised a fact question concerning whether she suffered from a disability.

As also noted above, Plaintiff, has failed to present sufficient evidence of an adverse employment action beyond the non-promotion, which is addressed below. None of the other conduct—the door incident, telework denial, and office relocation—qualifies as an adverse employment action under the racial discrimination or retaliation claims. To the extent Plaintiff attempts to assert a retaliation claim based on these actions, this Court recommends that Defendant's Summary Judgment Motion be **GRANTED**.

This leaves only Plaintiff's retaliation claim based on her non-promotion for seeking a reasonable accommodation. Such a claim requires proof of three elements: (1) that Plaintiff engaged in a protected activity; (2) that she suffered an adverse employment decision or action; and (3) that there is a causal link between the protected activity and the adverse employment decision or action. *Goudeau v. Nat'l Oilwell Varco*, L.P., 793 F.3d 470, 478 (5th Cir. 2015) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir .2001)). To be an adverse action, the action "must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006).

As with discrimination claims, courts employ the *McDonnell Douglas* burden shifting framework to analyze Title VII retaliation claims. Thus, if an employee establishes a prima facia case, the employer then has the burden to "state a legitimate, non-retaliatory reason" for the action. Once that is done, the burden shifts back to the employee "to demonstrate that the employer's reason is actually a pretext for retaliation." *LeMaire v. Louisiana Dep't of Transp. & De*v., 480 F.3d 383, 388–89 (5th Cir. 2007) (internal citations omitted).

Plaintiff has raised a fact question regarding whether she engaged in a protected activity. Defendant does not appear to contest whether Plaintiff has met this claim element. Additionally, the summary judgment record contains two requests for a reasonable accommodation by Plaintiff. ECF Nos. 16-3 & 20-2. Thus, Plaintiff has raised a fact question concerning the first required element for a retaliation claim.

The summary judgment evidence supports a fact question regarding the second element of a retaliation claim—that Plaintiff suffered an adverse employment decision. As discussed above,

Plaintiff's evidence related to the door incidents, office relocation, and telework modification are not adverse employment actions that would support a discrimination or retaliation claim. As also discussed above, however, Plaintiff's non-promotion does qualify as an adverse employment action. Thus, Plaintiff has raised a fact question regarding the second required element of a retaliation claim—that she suffered an adverse employment action.

Plaintiff's retaliation claim fails, however, to raise a fact question concerning the final required element in light of the *McDonnell Douglas* burden shifting framework.

Plaintiff contends that the timing of her non-promotion in light of her request for accommodation raise a fact question about causation. Plaintiff points to the accommodation request that she submitted on May 12, 2016, just eleven days before she applied for the Financial Management Analyst position. ECF No. 19 at 14 (*citing* ECF Nos. 20-6 & 20-7). Another employee was hired for that position on June 26, 2016—approximately six weeks after Plaintiff submitted her request for accommodation. *See* ECF Nos. 20-6 (May 12, 2016 Request for Accommodation) & 20-7 (Notification of Personnel Action promoting Seymour on June 26, 2016). If this were all the evidence presented, it might raise a fact question by the slimmest of margins, but it is not the end of the inquiry.

Defendant responded to Plaintiff's alleged timing evidence with a legitimate, non-retaliatory reason. As discussed at length above, Defendant presented evidence that Plaintiff was not selected for the position because she ranked third out of three candidates and that the candidate chosen for the position held several qualifications that Plaintiff lacked—the chosen candidate consistently exceeded standards, had been recognized for her attention to detail, had a bachelor's degree in accounting, held an additional unrequired certification, had handled two separate

directorate budgets, and had received "excellence" ratings in her performance evaluation for the preceding two years. ECF No. 16-1 at 124:11, 133:13–136:4. Under the *McDonnell Douglas* framework, this demonstrated evidence of a legitimate, non-retaliatory reason to which Plaintiff must respond with evidence of a pretext.

Plaintiff failed to raise a fact question about whether the legitimate non-retaliatory reason was a pretext. As Plaintiff's brief notes, a plaintiff can raise a fact question of pretext through evidence of disparate treatment, clearly better qualifications, or that Defendant's explanation is not credible. ECF No. 19 at 5, 15 (citing *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 412 (5th Cir. 2007) and *Haire v. Board of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013)). As noted above in discussing the racial discrimination claim, Plaintiff has failed to present sufficient evidence of pretext regarding her qualifications compared to the chosen candidate. The only additional evidence cited by Plaintiff is the timing of her request for accommodation and her non-selection. ECF No. 19 at 14. While the cases cited by Plaintiff support the use of timing to create an inference of causation, that inference only helps a Plaintiff establish a prima facie case. *See Swanson v. Gen. Serves. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997). Once the prima facie case is established and Defendant has presented a legitimate, non-retaliatory reason for the adverse employment decision, Plaintiff cannot rely on the inference but must present evidence to support a fact question regarding pretext. *Id.*; *see also Evans v. City of Houston,* 246 F.3d 344, 354 (5th Cir. 2001) (allowing the timing to support a prima facie case but noting that timing and significant additional evidence supported a fact question on pretext). Plaintiff has failed to present significant—or any—evidence beyond the timing to support her allegation of pretext. *See* ECF No. 19 at 14-15.

Plaintiff also failed to respond to the fact that Defendant's decision-maker also was a 100-percent disabled veteran. Defendant's evidence demonstrates that the selecting officer identified as Black and is a disabled veteran. 16-1 at 5 (131:20-24). While the Fifth Circuit Court of Appeals does not appear to have addressed this issue, this Court finds the case cited by Defendant persuasive, and finds that the selecting officer's condition to be an additional factor that "is consistent with the conclusion that no fact issue as to pretext is present.". *See Udoewa*, 754 F. Supp. 2d at 873.

Considering the foregoing, this Court finds that Plaintiff has failed to present sufficient evidence to raise a fact question regarding pretext, and therefore, recommends that Defendant's Summary Judgment Motion on Plaintiff's retaliation claim be **GRANTED**.

## III.    RECOMMENDATION

In conclusion, this Court finds that Plaintiff has failed to raise a fact question on all of her claims except her claim of failure to accommodate. Therefore, the Court recommends that Defendant's Motion for Summary Judgment be **DENIED** only as to Plaintiff's claim of a failure to provide a reasonable accommodation and should be **GRANTED** as to all of Plaintiff's race discrimination claims, disability discrimination based on disparate treatment claims, and retaliation for a protected activity claims.

## IV.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 5th day of December, 2022.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE